**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John McCune, an individual, ) | No. CV-10-2223-PHX-GMS |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Citimortgage, Inc., a New York ) Corporation, et al., ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff's Application For Issuance of a Temporary Restraining Order and Memorandum of Law In Support Thereof (Doc. 25). This document was filed late in the day yesterday. It was not filed with any request for a hearing, or any expedited request for ruling. This Court was unaware of it until defense counsel called after office hours, asking how the Court would proceed with the Application.

The Application asks that the Court restrain the sale of a trustee's deed apparently scheduled for 10:00 A.M. this morning. It is apparent after reading the Plaintiff's Attorney Certification Under Rule 65(d) Ariz. R. Civ. P.[1], (Doc. 26), that Plaintiff desires this Court to proceed to enjoin the sale without providing the Defendant an opportunity to be heard.

---

[1] Plaintiff's counsel is gently reminded that the Federal Rules of Civil Procedure apply in Federal Court. The roughly equivalent Federal Rule is rule 65(b).

It is further apparent after reading that same document that defense counsel accorded Plaintiff's counsel adequate notice of its desire to proceed with the sale on December 7 to allow Plaintiff to more timely seek a TRO. By filing its unannounced Application for TRO the night before the sale to be enjoined, Plaintiff's counsel apparently attempts to avoid providing defense counsel with the privilege of addressing the specific allegations in the Application, although defense counsel apparently filed an anticipatory objection (Doc. 23). Under such circumstances, the Court declines to enter a TRO without allowing defense counsel the opportunity to be heard concerning the specific allegations of the Applications. In other words, the Court determines that under the circumstances, Plaintiff's counsel has not convinced the Court pursuant to Fed. R. Civ. P. 65(b)(1)(B) that Defendant should not be given an opportunity to be heard prior to the issuance of a TRO. Because such an opportunity cannot now be provided prior to the time set for the Trustee's Sale, Plaintiff's Application For Issuance of a Temporary Restraining Order will be denied as moot. Therefore,

**IT IS HEREBY ORDERED** denying Plaintiff's Application For Issuance of a Temporary Restraining Order and Memorandum of Law In Support Thereof (Doc. 25) as moot.

DATED this 7th day of December, 2010.

G. Murray Snow
United States District Judge